IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEAN L. GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-0006-CVE-TLW |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On January 9, 2012, Petitioner, a state inmate appearing *pro se*, filed a petition for writ of habeas corpus (Dkt. # 1) and a motion to proceed without prepayment of fees and affidavit (Dkt. # 2). By Order filed January 11, 2012 (Dkt. # 3), the Court denied the motion to proceed *in forma pauperis*. On January 31, 2012, Petitioner paid the $5.00 filing fee. For the reasons discussed below, the petition shall be summarily dismissed.

In his petition (Dkt. # 1), Petitioner states that he is in custody pursuant to a conviction entered in Tulsa County District Court in August 2007. He identifies two claims, as follows:

Ground One: Living conditions of confinement.

Ground Two: Diliberate [sic] indifference.

(Dkt. # 1). In support of his first claim, Petitioner alleges that he was provided nutritionally inadequate food during 2011 while incarcerated. In support of his second claim, Petitioner alleges that he was not provided adequate mental health treatment during 2011 while incarcerated. In his request for relief, Petitioner asks for clemency, "credit for time served," and that "the remainder of his sentence be split or transferred to probation." See Dkt. # 1.

First, Petitioner does not challenge the validity of his conviction, but instead seeks changes to the administration of his sentence. For that reason, the petition shall be adjudicated under 28 U.S.C. § 2241 rather than § 2254. Montez v. McKinna, 208 F.3d 862, 864-65 (10th Cir. 2000). Further, Petitioner's claims based on improper or inadequate conditions of confinement do not state a claim under § 2241. Although the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). In general, federal claims challenging the conditions of confinement do not arise under § 2241. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (distinguishing between § 2241 actions and conditions of confinement suits); Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (same); Merritt v. Pugh, No. 00-1129, 2000 WL 770577, at *1 (10th Cir. June 15, 2000) (unpublished)[1] (conditions of confinement claim not properly brought under § 2241); Thompson v. True, No. 97-3275, 1998 WL 536383, at *1 (10th Cir. Aug. 18, 1998) (unpublished) (same); Murphy v. Brooks, No. 97-1175, 1997 WL 796485, at *1 (10th Cir. Dec. 31, 1997) (unpublished) (same); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979) (same as to § 2255). Petitioner is advised that, while he may bring his claims concerning the conditions of his confinement in a 42 U.S.C. § 1983 complaint, the relief sought in this action, release from custody, is not available in a § 1983 action. He may, however, request money damages and/or that he be provided nutritionally adequate food and adequate mental health treatment.

---

[1]This and other unpublished opinions cited for persuasive value. See 10th Cir. R. 32.1(A).

2

Because Petitioner's claims challenging the conditions of confinement are properly brought under 42 U.S.C. § 1983,[2] this petition for writ of habeas corpus shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice**.

**DATED** this 1st day of February, 2012.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court notes that Petitioner has a 42 U.S.C. § 1983 civil rights complaint raising the same claims identified in this petition presently pending in W.D. Okla. Case No. 11-CV-1479-F.

3